# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| CHRISTIAN E. GIBSON, <br><br> *Plaintiff*, <br><br> v. <br><br> WYNNE TRANSPORT SERVICE, INC. and <br><br> DAVID LEE BURKETT, <br><br> *Defendants*. | Civil Action No.: 7:22cv00013 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff Christian E. Gibson ("Mr. Gibson"), by and through counsel, complaining of Defendants Wynne Transport Service, Inc. ("Wynne Transport") and David Lee Burkett ("Burkett"), (collectively, "Defendants"), and alleges as follows:

1. Mr. Gibson brings this action against Wynne Transport and Burkett, seeking monetary relief arising out of a July 13, 2022, tractor-trailer crash on Interstate 81 in Pulaski County, Virginia.

2. Mr. Gibson was driving a motorcycle in the left lane on Interstate 81 North beside Burkett, who was driving a tractor-trailer for Wynne Transport in the right lane.

3. Burkett made an improper lane change that forced Mr. Gibson off of the highway and into the median.

4. A video recording from a camera mounted on Wynne Transport's tractor-trailer captured the entire crash. The recording shows the following: Burkett veering

toward Mr. Gibson, Mr. Gibson maneuvering away from Burkett and into the median in attempting to avoid a collision, Mr. Gibson's motorcycle crashing as a result of being forced off the road by Burkett, and Mr. Gibson's head and body slamming to the ground.

5. After the crash, Burkett continued down Interstate 81 without stopping and rendering aid to Mr. Gibson.

6. Mr. Gibson sustained serious, life-changing injuries in the crash. He suffered fractures to his left clavicle, left second rib, and right wrist. His injuries required surgery and the implantation of hardware. He also suffered and continues to experience the consequences from a traumatic brain injury and complex regional pain syndrome and post-traumatic stress disorder.

7. Mr. Gibson is now seeking compensatory damages for the injuries he sustained in the crash.

I. Parties

8. At all times relevant hereto, Plaintiff Christian Edward Gibson was a citizen of the Commonwealth of Virginia, residing in Barren Springs, Virginia.

9. At all times relevant hereto, Defendant David Lee Burkett was a citizen of the State of Texas, residing in Cleveland, Texas.

10. Defendant Wynne Transport Service, Inc. is a Nebraska corporation with its principal place of business at 2222 North 11th Street, Omaha, Nebraska 68110.

11. At all times relevant hereto, Wynne Transport owned, operated, and managed a trucking company based out of Omaha, Nebraska.

23802/1/10872013v1

12. At all times relevant hereto, Wynne Transport was acting through its employees, agents, and assigns, including, but not limited to, Burkett.

13. At all times relevant hereto, Burkett was an employee and/or agent of Wynne Transport.

14. At all times relevant hereto, Burkett was engaged in the work of Wynne Transport.

15. At all times relevant hereto, Burkett was about the business, of Wynne Transport.

16. At all times relevant hereto, Burkett was acting in furtherance of the business of Wynne Transport.

17. At all times relevant hereto, Burkett's actions were incident to the performance of duties entrusted to him by Wynne Transport.

18. At all times relevant hereto, Burkett's actions were done in carrying out a direction or order of Wynne Transport.

19. At all times relevant hereto, Burkett's actions were intended to accomplish the purposes of his employment and/or agency with Wynne Transport.

20. At all times relevant hereto, Burkett was acting within the course and scope of his employment with Wynne Transport.

21. At all times relevant hereto, Wynne Transport was vicariously liable for Burkett's actions and omissions.

23802/1/10872013v1

## II. Jurisdiction and Venue

22. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

23. There is complete diversity between Plaintiff and Defendants.

24. The amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs.

25. This Court has personal jurisdiction over all Defendants as they each have sufficient minimum contacts with the Commonwealth of Virginia.

26. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because, at all times material hereto, a substantial part of the events or omissions giving rise to Mr. Gibson's claims occurred in this judicial district.

## III. Facts

27. On July 13, 2022, Mr. Gibson was operating his blue 2006 Harley Davidson Sportster and traveling northbound in the left lane on Interstate 81 in Pulaski County, Virginia.

28. Mr. Gibson was on his way to work.

29. The road conditions were clear.

30. Mr. Gibson was wearing a helmet and obeying all traffic laws.

31. At the same time and place, Burkett was operating a 2021 Kenworth tractor, and traveling northbound in the right lane on Interstate 81 in Pulaski County, Virginia. Burkett was hauling a cargo tank filled with hazardous materials.

23802/1/10872013v1

32. Wynne Transport owned the tractor-trailer truck that Burkett was operating.

33. The tractor-trailer was equipped with a video recording device mounted on the driver's side of the truck. The camera pointed backward and recorded the area along the left side of the tractor-trailer, which captured a similar perspective as what the driver would see in the left side mirror while operating the truck. This camera captured Mr. Gibson's lawful operation of his motorcycle, Burkett's negligent lane change, and the resulting crash as it occurred on July 13, 2022.

34. Mr. Gibson was lawfully operating his motorcycle in the left lane while Burkett was operating Wynne Transport's tractor-trailer in the right lane.



23802/1/10872013v1

35. Burkett made an improper lane change and approached Mr. Gibson's motorcycle.



36. In order to avoid a collision, Mr. Gibson pressed the horn on his motorcycle.

37. Despite Mr. Gibson pressing his horn, Burkett continued veering Wynne Transport's tractor-trailer toward Mr. Gibson.

38. Burkett then forced Mr. Gibson off of the road and into the median of Interstate 81.

23802/1/10872013v1



39. Due to Burkett's negligent driving, Mr. Gibson's only reasonable choice was to maneuver his motorcycle away from the large tractor-trailer and into the median.

40. After going into the median, Mr. Gibson's motorcycle crashed and forcefully struck the ground.



23802/1/10872013v1

41. Mr. Gibson was ejected from his motorcycle and his head and body slammed into the ground, causing him to suffer severe injuries.

42. After the crash, while Mr. Gibson and his motorcycle were laying in the median, Burkett continued driving north on Interstate 81 without slowing or stopping to render aid to Mr. Gibson.

43. The crash caused extensive damage to Mr. Gibson's motorcycle, resulting in it being a total loss.



44. Mr. Gibson sustained severe injuries from the crash, including, but not limited to:

    a. Displaced comminuted fracture of the mid left clavicle;

23802/1/10872013v1

    b.    Comminuted fracture of the right distal radius;

    c.    Complete dorsal dislocation of right radiocarpal joint;

    d.    Fracture of the lateral posterior left second rib;

    e.    Traumatic brain injury with loss of consciousness;

    f.    Complex regional pain syndrome; and,

    g.    Post-traumatic stress disorder.

### IV.    Causes of Action

### COUNT ONE
### Negligence
*Defendant David Lee Burkett*

45.    The preceding paragraphs are hereby incorporated as if fully set forth herein.

46.    At all times relevant hereto, Burkett owed Mr. Gibson numerous duties, including but not limited to:

    a.    The duty to operate a tractor-trailer with reasonable care and due regard for others;

    b.    The duty to keep a proper lookout;

    c.    The duty to make a proper lane change to avoid injury to others;

    d.    The duty to be aware of surrounding vehicles when making a lane change;

    e.    The duty to give full time and attention to the operation of the tractor-trailer;

    f.    The duty to operate the tractor-trailer in a safe manner;

23802/1/10872013v1

    g.    The duty to decrease the speed of the tractor-trailer as may be necessary to avoid forcing a vehicle off the roadway;

    h.    The duty to change the direction of the tractor-trailer as may be necessary to avoid forcing a vehicle off the roadway;

    i.    The duty to not operate a tractor trailer while distracted; and

    j.    The duty to ascertain the safety of a lane change before moving the tractor-trailer into another lane; and,

    k.    Other duties that may be provided by law.

47.    Burkett breached those duties and was negligent in at least the following respects:

    a.    Burkett did not operate the tractor-trailer with reasonable care and due regard for others;

    b.    Burkett did not keep a proper lookout;

    c.    Burkett did not make a proper lane change to avoid injury to others;

    d.    Burkett was not aware of surrounding vehicles when making a lane change;

    e.    Burkett did not give full time and attention to the operation of the tractor-trailer;

    f.    Burkett did not operate the tractor-trailer in a safe manner;

    g.    Burkett did not decrease the speed of the tractor-trailer as was necessary to avoid forcing a vehicle off the roadway;

    h.    Burkett did not change the direction of the tractor-trailer as was necessary to avoid forcing a vehicle off the roadway;

    i.    Burkett operated a tractor trailer while distracted;

    j.    Burkett did not ascertain the safety of a lane change before moving the tractor-trailer into another lane; and/or

    k.    Burkett was negligent in other ways that discovery will reveal.

23802/1/10872013v1

48. As a direct and proximate result of Burkett's negligence, Mr. Gibson has suffered and will continue to suffer serious and permanent injuries, emotional distress, stress, anxiety, pain and suffering, inconvenience, scars and disfigurement, humiliation, embarrassment, loss of earnings, lessening of earning capacity, and he has incurred and will continue to incur medical expenses in an effort to treat the injuries he sustained in the collision.

49. Mr. Gibson seeks to be fully and fairly compensated for his injuries and damages to the fullest extent permitted under Virginia law.

## COUNT TWO
### Negligence
*Defendant Wynne Transport Service, Inc.*

50. The preceding paragraphs are hereby incorporated as if fully set forth herein.

51. At all times relevant hereto, Wynne Transport was acting through its employees and/or agents, including, but not limited to, Burkett.

52. At all times relevant hereto, Wynne Transport owed Mr. Gibson numerous duties, including but not limited to:

    a. The duty to operate a tractor-trailer with reasonable care and due regard for others;

    b. The duty to keep a proper lookout;

    c. The duty to make a proper lane change to avoid injury to others;

    d. The duty to be aware of surrounding vehicles when making a lane change;

    e.    The duty to give full time and attention to the operation of the tractor-trailer;

    f.    The duty to operate the tractor-trailer in a safe manner;

    g.    The duty to decrease the speed of the tractor-trailer as may be necessary to avoid forcing a vehicle off the roadway;

    h.    The duty to change the direction of the tractor-trailer as may be necessary to avoid forcing a vehicle off the roadway;

    i.    The duty to not operate a tractor trailer while distracted;

    j.    The duty to ascertain the safety of a lane change before moving the tractor-trailer into another lane; and

    k.    Other duties that may be provided by law.

53.    Wynne Transport breached those duties and was negligent in at least the following respects:

    a.    Wynne Transport did not operate the tractor-trailer with reasonable care and due regard for others;

    b.    Wynne Transport did not keep a proper lookout;

    c.    Wynne Transport did not make a proper lane change to avoid injury to others;

    d.    Wynne Transport was not aware of surrounding vehicles when making a lane change;

    e.    Wynne Transport did not give full time and attention to the operation of the tractor-trailer;

    f.    Wynne Transport did not operate the tractor-trailer in a safe manner;

    g.    Wynne Transport did not decrease the speed of the tractor-trailer as was necessary to avoid forcing a vehicle off the roadway;

    h.    Wynne Transport did not change the direction of the tractor-trailer as was necessary to avoid forcing a vehicle off the roadway;

    i.    Wynne Transport operated a tractor trailer while distracted;

23802/1/10872013v1

      j.    Wynne Transport did not ascertain the safety of a lane change before moving the tractor-trailer into another lane; and/or

      k.    Wynne Transport was negligent in other ways that discovery will reveal.

54. As a direct and proximate result of Wynne Transport's negligence, Mr. Gibson has suffered and will continue to suffer serious and permanent injuries, emotional distress, stress, anxiety, pain and suffering, inconvenience, scars and disfigurement, humiliation, embarrassment, loss of earnings, lessening of earning capacity, and he has incurred and will continue to incur medical expenses in an effort to treat the injuries he sustained in the collision.

55. Mr. Gibson seeks to be fully and fairly compensated for his injuries and damages to the fullest extent permitted under Virginia law.

### V. Prayer for Relief

WHEREFORE, Plaintiff prays that the Court award Christian E. Gibson compensatory damages against Defendants jointly and severally in the amount of TEN MILLION DOLLARS ($10,000,000.00), plus taxable costs, pre-judgment interest from July 13, 2022, post-judgment interest, and any such other relief as the Court deems just and proper.

**PLAINTIFF REQUESTS A JURY TRIAL ON ALL ISSUES.**

Respectfully submitted this 5th day of January, 2023.

CHRISTIAN E. GIBSON

/s/Andrew D. Finnicum

Matthew W. Broughton (VSB No. 25226)
Andrew D. Finnicum (VSB No. 80358)
GENTRY LOCKE
10 Franklin Road SE, Suite 900
P.O. Box 40013
Roanoke, Virginia 24022
(540) 983-9300;
Fax: (540) 983-9400
broughton@gentrylocke.com
finnicum@gentrylocke.com
*Counsel for the Plaintiff*